LINN GARNER *v.* HIGHLAND SCHOOL DISTRICT NO. 42

5-4420                                                     421 S. W. 2d 895

Opinion delivered December 18, 1967

*Shelby C. Ferguson,* for appellant.

*Gus Causbie* and *Harry L. Ponder,* for appellee.

*Eugene R. Warren,* amicus curiae.

PAUL WARD, Justice. This is an action by a public school teacher against a School District for breach of contract. The pertinent facts are stipulated.

On August 10, 1964, Linn Garner (appellant here) entered into a written contract with Highland School District No. 42 of Sharp County (appellee here) to teach physical education. The contract provides, among other things, that appellant was employed ". . . for a term of 12 months beginning July 1st, 1964 . . ." for

a salary of $425 per month. On May 28, 1965 appellee wrote appellant that "Due to the expanded duty requirements in the athletic department . . . it has become necessary to terminate your contract for the 1964-1965 school year." The letter was received by appellant on June 7, 1965.

A hearing was had before the trial judge sitting, by agreement, as a jury. The judge found that: "Under the terms of the contract . . . the notice of termination given defendant (appellee) to the plaintiff (appellant) was adequate, timely and proper".

It is our conclusion that the holding of the trial court is correct and must be affirmed. Language found in Ark. Stat. Ann. § 80-1304 (Supp. 1967) is plain and controlling. The pertinent part of said section reads:

"Every contract of employment hereafter made between a teacher and a board of school directors shall be renewed in writing on the same terms and for the same salary, unless increased or decreased by law, for the school year next succeeding the date of termination fixed therein, which renewal may be made by indorsement on the existing contract instrument; *unless during the period of such contract* or within ten (10) days after the termination of said school term, the teacher shall be notified by the school board in writing delivered in person or mailed to him or her at last and usual known address by registered mail that such contract will not be renewed for such succeeding year . . . ." (Emphasis supplied.)

It is undisputed that appellant was given proper notice "during the period" of his contract of employment as a teacher.

In view of the conclusion above reached it becomes unnecessary to discuss other matters raised on appeal.

Affirmed.